UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE M. FRANCIS, AARON H. FRANCIS,
and ADAM FRANCIS,

      Plaintiffs,

v.                                            Case No. 06-10080
                                              Honorable Patrick J. Duggan

CHRISTINE E. DONOVAN (f/k/a
CHRISTINE FRANCIS),

      Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 28, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiffs commenced this lawsuit in the Circuit Court for the County of Macomb, State of Michigan, on November 18, 2005, challenging Defendant's retention of life insurance proceeds from a policy held by Plaintiffs' father and Defendant's ex-husband, Brent H. Francis. In their complaint, Plaintiffs allege the following claims: breach of contract (Count I) and unjust enrichment (Count II). Defendant removed the action to federal court on January 6, 2006, contending that Plaintiffs' claims are preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"). Presently before the Court is Plaintiffs' motion to remand the action to state court. In a notice issued on

1

February 27, 2006, this Court informed the parties that it is dispensing with oral argument pursuant to Rule 7.1(e)(2) of the Local Rules for the Eastern District of Michigan.

## Factual Background

Plaintiffs are the children of Brent Francis. *See* Compl. ¶ 12. At some point in time, Brent Francis and Defendant Christine Donovan were married; however, they divorced in December 1997. *See id.* ¶ 6. Prior to and at the time of the divorce, Brent Francis was the insured on a Metropolitan Life Insurance Company policy ("MetLife policy") which contained a death benefit of sixty-five thousand dollars ($65,000). *See id.* ¶¶ 13-14 & Answer Ex. A. Brent Francis named Defendant as the primary beneficiary on the MetLife policy and Plaintiffs as contingent beneficiaries. *See* Answer Ex. A.

Pursuant to the Judgment of Divorce, Brent Francis and Defendant agreed *inter alia* that any rights that either party had in any life insurance policies were extinguished unless preserved by the Judgment of Divorce. *See* Compl. ¶ 16. The Judgement of Divorce did not specifically preserve any rights in the MetLife policy. *See id.* ¶ 18. After the divorce, however, Brent Francis never changed the beneficiary designation on his MetLife policy. *See id.* ¶ 19. Brent Francis died on March 29, 2005. *See id.* ¶ 11.

Upon Brent Francis' death, Plaintiffs attempted to collect the death benefits under the MetLife policy. *See id.* ¶ 21. MetLife denied their claim as Defendant still was listed as the primary beneficiary. *See id.* Although recognizing that ERISA prohibits the ERISA plan provider from distributing the death benefits to any person other than the named beneficiary, Plaintiffs filed this lawsuit seeking an order requiring Defendant to

2

pay those benefits to them once the proceeds of the plan have been distributed to her.  *See* Compl. ¶ 23.

### Applicable Law and Analysis

In order to determine whether this court has subject matter jurisdiction over Plaintiffs' claims, the Court must begin by examining Plaintiffs' well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987).  Pursuant to the "well-pleaded complaint rule," the plaintiff is the master of his or her complaint and therefore, for removal to be proper, a federal question must appear on the face of the complaint.  *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995).  "[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."  *Id*.

An exception to the well-pleaded complaint rule arises, however, when Congress so completely preempts a particular area "that any civil complaint raising this select group of claims is necessarily federal in character."  *Taylor*, 481 U.S. at 63-64, 107 S. Ct. at 1546.  In ERISA, Congress explicitly expressed its intent to preempt "all state laws which 'relate to' an ERISA plan."  *Central States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, (6th Cir. 2000)(citing 29 U.S.C. § 1144(a)).  A law "relates to" an ERISA plan "if it has a connection with or reference to such plan."  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983); *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990).  Based on Section 1144(a), the Supreme Court has found that Congress intended to make causes of action within the scope of 29 U.S.C. § 1132(a)(1)(B) removable to federal

3

court under the doctrine of complete preemption.  *Id*. at 66, 107 S. Ct. at 1547-48.  That provision– ERISA's civil enforcement section– allows participants or beneficiaries of ERISA plans to bring civil actions to recover their benefits due under the plan, to enforce their rights under the terms of the plan, or to clarify their rights to future benefits under the terms of the plan.  *See* 29 U.S.C. § 1132(a)(1)(B).

Thus if Plaintiffs were seeking a judicial determination that MetLife should pay the proceeds of the insurance policy to them, rather than Defendant, it is clear that ERISA would preempt their claims.  That is not the determination, however, that Plaintiffs seek. Plaintiffs concede that the plan administrator is required to pay the insurance proceeds to Defendant based on Brent Francis' designation of Defendant as the primary beneficiary on his beneficiary card.  *See* Compl. ¶ 23; Mot. ¶¶ 4-5.  Plaintiffs only claim that Defendant agreed to give up her right to the MetLife policy insurance benefits in the Judgment of Divorce– which is an enforceable contract– and that she is in breach of that contract by retaining those proceeds.  For that reason, Plaintiffs only are suing Defendant, not the administrator of the insurance policy.

The Court therefore finds that this case is distinguishable from the Sixth Circuit's unpublished decision in *Hendon v. E.I. Dupont De Nemours and Co.*, No. 96-6233, 1998 WL 199824 (6th Cir. April 13, 1998).  In *Hendon*, the administrator of the deceased's estate sued the deceased's ex-spouse and the deceased's employer for wrongful distribution of the deceased's employee benefits.  No. 96-6233, 1998 WL 199824, at *1. The ex-spouse had waived his rights to the employee benefits pursuant to a divorce

4

decree; however, he still was named as the beneficiary of those benefits upon the deceased's death. *Id*. The estate contended that the ex-spouse's acceptance of the benefits constituted a breach of the divorce decree *and* that the employer's payment of the benefits to the ex-spouse breached the employer's contract with the deceased. *Id*. As the Sixth Circuit found, because the plaintiff was challenging the plan's determination that the ex-spouse was entitled to the benefits, her "suit [was] at bottom a challenge to the beneficiary determination for [the deceased's] ERISA-qualified plans." *Id*. at *3. "Applying state law to determine the beneficiary under the terms of a state divorce decree would not only relate to a plan, but would [also] interfere with the administration of a plan and violate its terms." *Id*. (quoting *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 421 (6th Cir. 1997)).

Unlike the plaintiff in *Hendon*, Plaintiffs are not asking a court to interpret the MetLife policy or determine the appropriate distribution of benefits pursuant to the policy. Instead, Plaintiffs are asking a court to determine what should happen to the proceeds after they have been distributed according to the policy. As the Sixth Circuit found in *Howell*:

> It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents. However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that might be traced to the ERISA plan proceeds.

227 F.3d at 678. Therefore, in this Court's view, Plaintiffs' attempt to recover the

5

insurance proceeds from Defendant once those proceeds have been distributed by the plan administrator does not "relate to" the ERISA plan and the Court concludes that Plaintiffs' claims are not preempted by federal law.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Remand to the State of Michigan Circuit Court for the County of Macomb is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' complaint shall be **REMANDED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Jacob M. Femminineo, Jr.
Phyllis A. Kozlowski